IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ALAN KEPO'OMAIKALANI MACHADO-AVILLA and DEBBIE MACHADO,<br><br>             Plaintiffs,<br><br>     vs.<br><br>THE DORIS DUKE FOUNDATION FOR ISLAMIC ART and DOES DEFENDANTS 1-4,<br><br>             Defendants.<br>_____ | CIVIL NO. 12-00170 LEK-RLP<br><br>FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT DORIS DUKE FOUNDATION FOR ISLAMIC ART'S PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT |

FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT DORIS DUKE
FOUNDATION FOR ISLAMIC ART'S PETITION FOR DETERMINATION OF GOOD
FAITH SETTLEMENT[1]

Before the Court is Defendant Defendant Doris Duke Foundation for Islamic Art's ("Defendant") Petition for Determination of Good Faith Settlement, filed on June 24, 2013 ("Petition").  See ECF No. 176.  Among other things, Defendant seeks a determination that the settlement between Plaintiffs Alan Kepo'omaikalani Machado-Avilla ("Kepo'o") and Debbie Machado's

---

[1] Within fourteen (14) days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation.  If no objections are filed, no appellate review will be allowed.

("Debbie") (collectively "Plaintiffs") was made in good faith pursuant to Hawaii Revised Statutes ("HRS") § 663-15.5.

On June 24, 2013, the Court granted Defendant's Ex Parte Motion to Shorten Time for Hearing on its Petition. <u>See</u> ECF No. 178.  Pursuant to HRS § 663-15.5 and Local Rule 7.2(b) and (d), and finding good cause therefor, the Court elected to decide the Petition without a hearing and required that any objection to the Petition be filed by July 1, 2013.  <u>See id.</u>  On June 25, 2013, Plaintiffs filed their Joinder to Defendant's Petition.  <u>See</u> ECF No. 179.  No objections to the Petition were timely filed.  Based on the following, and after careful consideration of the Petition, the supporting memoranda, exhibits and declarations attached thereto, Plaintiffs' Joinder, and the record established in this action, the Court HEREBY FINDS AND RECOMMENDS that Defendant's Petition be GRANTED.

<u>BACKGROUND</u>

This action arises out of an accident that occurred on August 24, 2011, when Kepo'o was injured jumping into a swimming basin located at the ocean shoreline of "Shangri la," the former residence of tobacco heiress Doris Duke, a.k.a. Doris Duke Cromwell, which is now allegedly owned and maintained by Defendant.  Kepo'o, who was seventeen years old at the time of the accident, alleges that he was rendered a quadriplegic requiring lifetime care as a result of the injuries he sustained. Kepo'o claims that his injuries were the result of negligence and

other wrongdoing by Defendant.  His mother, Debbie, alleges that she has suffered severe emotional distress and mental anguish due to her son's injuries and has had to stop working to care for Kepo'o on a constant and daily basis.

On February 17, 2012, Plaintiffs filed their original Complaint in state court, and Defendant removed the action to this Court on March 28, 2012.  See ECF No. 1. On April 26, 2013, the Court granted partial summary judgment to Defendant, which included the dismissal of Plaintiffs' strict liability claims. See ECF No. 168.  On April 29, 2013, the Court held a hearing as to Defendant's second motion for summary judgment, which sought summary judgment as to the remainder of Plaintiffs' claims.  See ECF No. 169.  On May 22, 2013, while Defendant's second motion for summary judgment was still pending, the parties participated in a settlement conference with the undersigned and reached a confidential settlement of the lawsuit.  See ECF No. 173.  The instant Petition followed.

## ANALYSIS

HRS § 663-15.5 governs the effect of a settlement on non-settling joint tortfeasors in multiparty litigation.  A settling party must petition the court for a hearing on the issue of whether a settlement was made in good faith.  Haw. Rev. Stat. § 663-15.5(b).  Any non-settling party may file an objection to the petition, but that party bears the burden of proving a lack of good faith.  Id.  A finding of good faith settlement (1)

discharges the settling party from liability for contribution to other joint tortfeasors, (2) reduces a plaintiff's claims against joint tortfeasors by the amount stipulated to in the release, dismissal, or covenant, or in the amount of the consideration paid for it, whichever is greater, (3) bars other joint tortfeasors from any further claims against the settling joint tortfeasor, except where there is a written indemnity agreement, and (4) results in dismissal of all cross-claims against the settling joint tortfeasor, except where there is a written indemnity agreement.  Haw. Rev. Stat. § 663-15.5(a) & (d).

Troyer v. Adams, 102 Hawai'i 399, 77 P.3d 83 (2003), is the seminal case in Hawaii interpreting the good faith language of HRS § 663-15.5.  In Troyer, the Hawaii Supreme Court adopted a "totality of the circumstances" approach to serve the legislature's goals of simplifying the procedures and reducing the costs associated with claims involving joint tortfeasors, while providing courts with the opportunity, at their sound discretion, to prevent collusive settlements aimed at injuring non-settling tortfeasors' interests.  Id. at 102 Hawai'i 427, 77 P.3d 111.  In determining whether a settlement was made in good faith, the court may consider the following factors "to the extent they are known at the time of settlement":

> (1)  the type of case and difficulty of proof at trial . . . ;
>
> (2)  the realistic approximation of total damages that the plaintiff seeks;

  (3) the strength of the plaintiff's claim and the realistic likelihood of his or her success at trial;

  (4) the predicted expense of litigation;

  (5) the relative degree of fault of the settling tortfeasors;

  (6) the amount of consideration paid to settle the claims;

  (7) the insurance policy limits and solvency of the joint tortfeasors;

  (8) the relationship among the parties and whether it is conducive to collusion or wrongful conduct; and

  (9) any other evidence that the settlement is aimed at injuring the interests of a non-settling tortfeasor or motivated by other wrongful purpose.

Id. This list is nonexclusive, and the court may consider any other factor that is relevant to the good faith settlement inquiry. Id.

  Here, the parties reached a global settlement agreement with the assistance of the undersigned at the settlement conference, and Plaintiffs have joined in Defendant's Petition for approval of the settlement. Given the totality of the circumstances, and upon consideration of the Troyer factors and the material terms of the settlement agreement, the Court finds that the settlement meets the purpose of HRS § 663-15.5, is fair and reasonable, and was made in good faith. Therefore, the Court recommends that Defendant's Petition be granted.

CONCLUSION

In accordance with the foregoing, the Court HEREBY FINDS AND RECOMMENDS that Defendant's Petition for Determination of Good Faith Settlement, filed on June 24, 2013, be GRANTED.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, JULY 2, 2013.



_____
Richard L. Puglisi
United States Magistrate Judge

MACHADO-AVILLA ET AL. V. THE DORIS DUKE FOUNDATION FOR ISLAMIC ART; CIVIL NO. 12-00170 LEK-RLP; FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT DORIS DUKE FOUNDATION FOR ISLAMIC ART'S PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT